UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| STEPHANIE LEIGH FICKLE, | : | |
| *aka* STEPHANIE L. STALVEY, | : | |
| | : | CASE NO. 15-58207-JWC |
| Debtor. | : | |
| | : | |

**MOTION FOR ORDER AUTHORIZING SETTLEMENT WITH DEBTOR AND CHRISTOPHER ALAN FICKLE UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Stephanie Leigh Fickle ("**Ms. Fickle**"), by and through the undersigned counsel, and files his *Motion for Order Authorizing Settlement with Debtor and Christopher Alan Fickle under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"). In support of the Settlement Motion, Trustee respectfully shows the Court as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure. This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

**Background**

*a. General Background Information*

2.      On May 2, 2015 (the "**Petition Date**"), Ms. Fickle filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as

15839904v1

amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 15-58207-JWC (the "**Bankruptcy Case**").

3. Trustee was thereafter appointed the duly acting Chapter 7 trustee in the Bankruptcy Case.

4. Ms. Fickle and Christopher Alan Fickle ("**Mr. Fickle**") were married on the Petition Date.

5. On the Petition Date, Ms. Fickle and Mr. Fickle were the owners of record of a certain unimproved real property with a common addresses of 9832 Georgia Highway 193, Chickamauga, Walker County, Georgia 30707 (the "**Property**"). Ms. Fickle scheduled the Property with a value of $25,000.00 and claimed an exemption (the "**Exemption**") in it in the amount of $4,050.00. [Doc. No. 24 at pages 3 and 9].

6. On the Petition Date, Ms. Fickle's interest in the Property was property of the Bankruptcy Estate. *See* 11 U.S.C. § 541 (2015).

7. On September 11, 2018, Ms. Fickle filed a complaint against Mr. Fickle seeking a divorce in the Superior Court of Cherokee County, State of Georgia (Civil Action File No. 18-CVE-1643, the "**Divorce Action**").

8. Also on September 11, 2018, Ms. Fickle and Mr. Fickle entered into a Settlement Agreement (the "**Divorce Agreement**") in the Divorce Action whereby Ms. Fickle and Mr. Fickle agreed that the Property would be conveyed by Ms. Fickle to Mr. Fickle through a quitclaim deed within ten (10) days of the Divorce Agreement.

9. On January 23, 2020, Trustee filed a complaint (the "**Complaint**") against Mr. Fickle, Ms. Fickle, and Dara K. Betts (Ms. Fickle's divorce attorney) and initiated the adversary

-2-

proceeding styled as Hays v. Fickle, et al. (Adv. Pro. No. 20-6015-JWC) (the "**Adversary Proceeding**"), in which Trustee is seeking, among other things, a judgment against Mr. Fickle, Ms. Fickle, and Dara K. Betts for willful violations of the automatic stay; and against Mr. Fickle under 11 U.S.C. §§ 549, 550, and 551 to avoid, preserve, and recover any interest in the Property transferred through the Divorce Settlement Agreement.

10. Ms. Fickle, Mr. Fickle, and Dara K. Betts (Ms. Fickle's divorce attorney) have answered the Complaint, denying Trustee's claims asserted against them in the Adversary Proceeding (the "**Adversary Disputes**").

### *b. Filed Claims*

11. The total of the filed claims against the Bankruptcy Estate is $13,409.12, all of which is claimed as non-priority, general unsecured.

### The Settlement

12. Following negotiations, Trustee, Ms. Fickle, and Mr. Fickle (collectively, the "**Parties**") have reached an agreement to resolve the Adversary Disputes. In this regard, the Parties have entered into a Settlement Agreement (the "**Settlement Agreement**"). Trustee attaches a copy of the Settlement Agreement as Exhibit "A" to this Settlement Motion. Significant terms of the Settlement Agreement are as follows:[1]

> a. Ms. Fickle and Mr. Fickle agree and affirm that any Transfer of the Property arising out of the Divorce Agreement, if any, is void, *ab initio*, and any interest in the Property transferred, or attempted to be transferred through the Divorce Agreement is restored to the Bankruptcy Estate. For the avoidance of doubt, Ms. Fickle and Mr. Fickle stipulate and agree that the Bankruptcy Estate holds a one-half interest in the Property, and Ms. Fickle and Mr. Fickle shall execute any documents necessary to ensure that the Bankruptcy Estate holds a one-half interest in the Property.

---

[1] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

-3-

  b. Within sixty (60) days of the date of entry of the Settlement Approval Order[2] (the "**60-Day Period**"), Mr. Fickle and Ms. Fickle shall have an exclusive option (the "**60-Day Option**") to purchase the Bankruptcy Estate's one-half interest in the Property for the agreed sum of thirty thousand dollars ($30,000.00) (the **"$30,000.00 Purchase Price"**).  If Ms. Fickle and Mr. Fickle pay the $30,000.00 Purchase Price in good funds to Trustee during the 60-Day Period, the one-half interest of the Bankruptcy Estate in and to the Property shall be deemed abandoned.  If Ms. Fickle and Mr. Fickle do not pay the $30,000.00 Purchase Price in good funds to Trustee during the 60-Day Period, then Trustee is authorized to market and sell the Property to third parties in accordance with the remainder of the Settlement Agreement.

  c. Upon expiration of the 60-Day Option, and provided that Mr. Fickle and Ms. Fickle do not pay the $30,000.00 Purchase Price to Trustee in good funds during the 60-Day Period in accordance with Section 2.3.1 of the Settlement Agreement, Mr. Fickle authorizes Trustee to sell his one-half interest in the Property under 11 U.S.C. § 363(h) and waives any requirement that Trustee obtain a judgment in this regard.  Upon the closing of a sale of the Property by Trustee, following appropriate authority by the Bankruptcy Court, Mr. Fickle and the Bankruptcy Estate shall each be entitled to one-half of the net sale proceeds resulting from a sale of the Property after payment of all costs of sale, including, without limitation, a reasonable broker's commission, all unpaid ad-valorem real property taxes, water and sewer liens, all validly perfected security interests and liens against the Property, and any other miscellaneous costs associated with the sale of the Property.  For the avoidance of doubt, any lien against the Property that arises out of an obligation for which Ms. Fickle is not personally obligated (a "**Non-Debtor Lien**") shall not be included in the calculation of the net sale proceeds, and such a Non-Debtor Lien shall be paid from Mr. Fickle's one-half interest in the net sale proceeds and shall not be paid by the Bankruptcy Estate.

  d. Ms. Fickle waives, releases, and forever discharges any and all obligations, if any, that the Bankruptcy Estate may otherwise have to pay to Ms. Fickle on account of exemptions asserted by or on behalf of Ms. Fickle, if any, in the Property.  For the avoidance of doubt, it is the intent of the Parties that Ms. Fickle waives her right to be paid on account of the Exemption and that any proceeds resulting from a sale of the Property or the $30,000.00 Purchase Price shall be free and clear of any claims of Ms. Fickle, if any, and shall be available for Trustee to distribute in accordance with 11 U.S.C. § 726.

---

[2]  Capitalized terms not defined in this Settlement Motion shall have the meanings ascribed to them in the Settlement Agreement.

-4-

15839904v1

  e. Effective upon the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved under the Settlement Agreement, Trustee releases, acquits, and forever discharges Mr. Fickle from any and all Claims (as defined in Section 9 of the Settlement Agreement) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have against Mr. Fickle prior to the Effective Date.

  f. Effective upon the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved under the Settlement Agreement, Mr. Fickle releases, acquits, and forever discharges Trustee and the Bankruptcy Estate and each and every past and present agent, servant, employee, representative and attorney of Trustee or the Bankruptcy Estate from any and all Claims (as defined in Section 9 of the Settlement Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Mr. Fickle may have or claim to have against Trustee or the Bankruptcy Estate prior to the Effective Date.

  g. Within ten (10) business days of the Settlement Approval Order becoming a final order, the Parties shall file a stipulation dismissing with prejudice the Adversary Proceeding, including all claims raised therein, except as specifically set forth in the Settlement Agreement. For the avoidance of doubt, the Parties stipulate and agree that the dismissal of the Adversary Proceeding shall have no impact on any rights, duties, or obligations created or preserved under the Settlement Agreement.

## Relief Requested

13. By this Settlement Motion, Trustee requests that the Court approve the Settlement Agreement between the Parties.

## Basis for Relief

14. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

-5-

15839904v1

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).

15. The proposed settlement between the Parties is the product of arms' length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

16. Based on the filed claims against the Bankruptcy Estate, the proposed settlement will allow Trustee to make a meaningful distribution to the holders of timely filed general unsecured claims in this Bankruptcy Case. It will also allow Trustee to avoid the costs and risks of proceeding with the Adversary Proceeding and possibly, avoid the costs of marketing and selling the Property through a licensed real estate broker or auctioneer, if Mr. Fickle and Ms. Fickle exercise the 60-Day Option.

17. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee urges that this Court approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate

-7-

the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief as the Court deems just and appropriate.

    Respectfully submitted, this 18th day of November, 2020.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com

## EXHIBIT "A" FOLLOWS

Case 15-58207-jwc    Doc 34    Filed 11/18/20    Entered 11/18/20 12:04:23    Desc Main
Document      Page 8 of 16

15839904v1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") dated as of November 12, 2020 (the "**Effective Date**"), is entered between S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Stephanie Leigh Fickle; Christopher Alan Fickle ("**Mr. Fickle**"), an individual resident of the State of Georgia; and Stephanie Leigh Fickle ("**Ms. Fickle**"), an individual resident of the State of Georgia.

### Background

1. On May 2, 2015 (the "**Petition Date**"), Ms. Fickle filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 15-58207-JWC (the "**Bankruptcy Case**").

2. Trustee was thereafter appointed the duly acting Chapter 7 trustee in the Bankruptcy Case.

3. Ms. Fickle and Mr. Fickle were married on the Petition Date.

4. On the Petition Date, Ms. Fickle and Mr. Fickle were the owners of record of a certain unimproved real property with a common addresses of 9832 Georgia Highway 193, Chickamauga, Walker County, Georgia 30707 (the "**Property**"). Ms. Fickle scheduled the Property with a value of $25,000.00 and claimed an exemption (the "**Exemption**") in it in the amount of $4,050.00. [Doc. No. 24 at pages 3 and 9].

5. On the Petition Date, Ms. Fickle's interest in the Property was property of the Bankruptcy Estate. *See* 11 U.S.C. § 541 (2015).

6. On September 11, 2018, Ms. Fickle filed a complaint against Mr. Fickle seeking a divorce in the Superior Court of Cherokee County, State of Georgia (Civil Action File No. 18-CVE-1643, the "**Divorce Action**").

7. Also on September 11, 2018, Ms. Fickle and Mr. Fickle entered into a Settlement Agreement (the "**Divorce Agreement**") in the Divorce Action whereby Ms. Fickle and Mr. Fickle agreed that the Property would be conveyed by Ms. Fickle to Mr. Fickle through a quitclaim deed within ten (10) days of the Divorce Agreement.

8. On January 23, 2020, Trustee filed a complaint (the "**Complaint**") against Mr. Fickle, Ms. Fickle, and Dara K. Betts (Ms. Fickle's divorce attorney) and initiated the adversary proceeding styled as *Hays v. Fickle, et al.* (Adv. Pro. No. 20-6015-JWC) (the "**Adversary Proceeding**"), in which Trustee is seeking, among other things, a judgment against Mr. Fickle, Ms. Fickle, and Dara K. Betts for willful violations of the automatic stay; and against Mr. Fickle under 11 U.S.C. §§ 549, 550, and 551 to avoid, preserve, and recover any interest in the Property transferred through

Page 1 of 7

15738325v1

the Divorce Settlement Agreement.

9. Ms. Fickle, Mr. Fickle, and Dara K. Betts (Ms. Fickle's divorce attorney) have answered the Complaint, denying Trustee's claims asserted against them in the Adversary Proceeding (the "**Adversary Disputes**").

10. Following negotiations, Trustee, Ms. Fickle, and Mr. Fickle (collectively, the "**Parties**") have reached an agreement to resolve the Adversary Disputes through which Mr. Fickle and Ms. Fickle agree that the Bankruptcy Estate holds a one-half interest in the Property; Ms. Fickle shall waive her exemption in the Property; Mr. Fickle shall consent to Trustee's selling the Property, including his interest therein; and following a sale of the Property, after Trustee's receiving appropriate authority from the Bankruptcy Court, Trustee and Mr. Fickle shall split in half the net sale proceeds resulting from a sale of Property, as more specifically set forth below.

Accordingly, the Parties agree as follows:

1. **Background.** The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2. **Resolution of the Adversary Disputes.** Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree to resolve the claims and disputes related to the Adversary Proceeding as follows:

    2.1. *Approval of Proposed Settlement.* Within five (5) business days after execution of this Agreement by each of the Parties, Trustee shall prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("**Settlement Approval Order**").

    For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

    2.2. *Transfer of Interest Void Ab Initio.* Ms. Fickle and Mr. Fickle hereby agree and affirm that any Transfer of the Property arising out of the Divorce Agreement, if any, is hereby void, *ab initio*, and any interest in the Property transferred, or attempted to be transferred through the Divorce Agreement is hereby restored to the Bankruptcy Estate. For the avoidance of doubt, Ms. Fickle and Mr. Fickle hereby stipulate and agree that the Bankruptcy Estate holds a one-half interest in

the Property, and Ms. Fickle and Mr. Fickle shall execute any documents necessary to ensure that the Bankruptcy Estate holds a one-half interest in the Property.

2.3. *Sale of Estate's Interest in the Property.*

    *2.3.1* *Initial Option to Purchase Estate's Interest in the Property.* This Agreement is subject to approval by the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Within sixty (60) days of the date of entry of the Settlement Approval Order (the "**60-Day Period**"), Mr. Fickle and Ms. Fickle shall have an exclusive option (the "**60-Day Option**") to purchase the Bankruptcy Estate's one-half interest in the Property for the agreed sum of thirty thousand dollars ($30,000.00) (the **"$30,000.00 Purchase Price**"). If Ms. Fickle and Mr. Fickle pay the $30,000.00 Purchase Price in good funds to Trustee during the 60-Day Period, the one-half interest of the Bankruptcy Estate in and to the Property shall be deemed abandoned. If Ms. Fickle and Mr. Fickle do not pay the $30,000.00 Purchase Price in good funds to Trustee during the 60-Day Period, then Trustee is authorized to market and sell the Property to third parties in accordance with the remainder of this Agreement.

    *2.3.2* *Trustee is Authorized to Sell Mr. Fickle's Interest in the Property under 11 U.S.C. § 363(h).* Upon expiration of the 60-Day Option, and provided that Mr. Fickle and Ms. Fickle do not pay the $30,000.00 Purchase Price to Trustee in good funds during the 60-Day Period in accordance with Section 2.3.1 of this Agreement, Mr. Fickle hereby authorizes Trustee to sell his one-half interest in the Property under 11 U.S.C. § 363(h) and waives any requirement that Trustee obtain a judgment in this regard. Upon the closing of a sale of the Property by Trustee, following appropriate authority by the Bankruptcy Court, Mr. Fickle and the Bankruptcy Estate shall each be entitled to one-half of the net sale proceeds resulting from a sale of the Property after payment of all costs of sale, including, without limitation, a reasonable broker's commission, all unpaid ad-valorem real property taxes, water and sewer liens, all validly perfected security interests and liens against the Property, and any other miscellaneous costs associated with the sale of the Property. For the avoidance of doubt, any lien against the Property that arises out of an obligation for which Ms. Fickle is not personally obligated (a "**Non-Debtor Lien**") shall not be included in the calculation of the net sale proceeds, and such a Non-Debtor Lien shall be paid from Mr. Fickle's one-half interest in the net sale proceeds and shall not be paid by the Bankruptcy Estate.

2.4. *Debtor's Waiver of Any Claimed Exemptions in the Property.* Ms. Fickle hereby waives, releases, and forever discharges any and all obligations, if any, that the Bankruptcy Estate may otherwise have to pay to Ms. Fickle on account of

exemptions asserted by or on behalf of Ms. Fickle, if any, in the Property. For the avoidance of doubt, it is the intent of the Parties that Ms. Fickle hereby waives her right to be paid on account of the Exemption and that any proceeds resulting from a sale of the Property or the $30,000.00 Purchase Price shall be free and clear of any claims of Ms. Fickle, if any, and shall be available for Trustee to distribute in accordance with 11 U.S.C. § 726.

2.5. *Release by Trustee of Mr. Fickle.* Effective upon the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved under this Agreement, Trustee releases, acquits, and forever discharges Mr. Fickle from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have against Mr. Fickle prior to the Effective Date.

2.6. Release *by Mr. Fickle of Trustee and the Bankruptcy Estate.* Effective upon the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved under this Agreement, Mr. Fickle releases, acquits, and forever discharges Trustee and the Bankruptcy Estate and each and every past and present agent, servant, employee, representative and attorney of Trustee or the Bankruptcy Estate from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Mr. Fickle may have or claim to have against Trustee or the Bankruptcy Estate prior to the Effective Date.

2.7. *Dismissal of Adversary Proceeding.* Within ten (10) business days of the Settlement Approval Order becoming a final order, the Parties shall file a stipulation dismissing with prejudice the Adversary Proceeding, including all claims raised therein, except as specifically set forth in this Agreement. For the avoidance of doubt, the Parties stipulate and agree that the dismissal of the Adversary Proceeding shall have no impact on any rights, duties, or obligations created or preserved under this Agreement.

3. **No Admissions.** The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court for the Northern District of Georgia. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any party or to any other persons.

4. **Entire Agreement; Modification.** The Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or

15738325v1

particular whatsoever, except by a writing duly executed by Trustee, Ms. Fickle, and Mr. Fickle and that any material amendment is subject to Bankruptcy Court approval.

5. **Voluntary Execution of Agreement.** The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either Trustee, Ms. Fickle, or Mr. Fickle but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

6. **Authority of Parties.** The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

8. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

9. **Definition of Claims.** The term "Claims" means all claims or causes of action that were asserted or could have been brought as of the Effective Date by or on behalf of any Party to this Agreement, either directly or indirectly, in respect of, in relation to, or in connection with the Bankruptcy Case or the Adversary Proceeding.

10. **Georgia Law Applicable.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

11. **Severability.** If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force.

12. **Notices.** Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed received: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the

15738325v1

electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to such party at the address set forth below, three (3) days following the deposit of such notice in the mail. Notices shall be sent to the parties as follows

12.1. *If to Trustee*:

>Michael J. Bargar
>Arnall Golden Gregory LLP
>171 17th Street, NW, Suite 2100
>Atlanta, GA 30363
>michael.bargar@agg.com (electronic mail)

12.2. *If to Ms. Fickle or Mr. Fickle*:

>Brian R. Cahn
>Brian R. Cahn & Associates, LLC
>P.O. Box 3696
>222 E. Main Street
>Cartersville, GA 30120
>brian@northgabankruptcy.com (electronic mail)

The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

13. **Restoration.** In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

14. **Parties to Bear Own Costs.** Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

15. **Time is of the Essence.** Time is of the essence in this Agreement.

[INTENTIONALLY LEFT BLANK]

15738325v1

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

_____
S. Gregory Hays as and only as
Chapter 7 Trustee for the bankruptcy estate of
Stephanie Leigh Fickle (Case No. 15-58207-JWC)

Dated:_____

**MS. FICKLE**

Stephanie Leigh Fickle

Dated: 11/13/20

**MR. FICKLE**

Christopher Alan Fickle

Dated: 11/12/20

Page 7 of 7

15738325v1

## CERTIFICATE OF SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Motion for Order Authorizing Settlement with Debtor and Christopher Alan Fickle under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail on the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Brian R. Cahn
Brian R. Cahn & Associates, LLC
P.O. Box 3696
222 E. Main Street
Cartersville, GA 30120

Brian S. Limbocker
Limbocker Law Firm, LLC
Bldg. 100 - Suite 140
2230 Towne Lake Parkway
Woodstock, GA 30189

Christopher L. McCormick
The McCormick Firm, PC
Suite 400
105 Pilgrim Village Drive
Cumming, GA 30040

T. Ryan Mock, Jr.
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street
Atlanta, GA 30308-3243

Stephanie Leigh Fickle
1619 Pine Creek Way
Woodstock, GA 30188

This 18th day of November, 2020.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com

15839904v1