UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| STEPHANIE LEIGH FICKLE, | : | |
| *aka* STEPHANIE L. STALVEY, | : | |
| | : | CASE NO. 15-58207-JWC |
| Debtor. | : | |
| | : | |

**NOTICE OF PLEADING, DEADLINE TO OBJECT, AND FOR HEARING**

**PLEASE TAKE NOTICE** that on November 18, 2020, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Stephanie Leigh Fickle ("**Debtor**"), filed a *Motion for Order Authorizing Settlement with Debtor and Christopher Alan Fickle under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 34] (the "**Motion**") and related papers with the Court, seeking an order, among other things, approving a settlement agreement (the "**Settlement Agreement**") between Trustee, Debtor, and Christopher Alan Fickle (collectively, the "**Parties**") related to certain improved real property with a common address of 9832 Georgia Highway 193, Chickamauga, Walker County, Georgia 30707 (the "**Property**"). More specifically, under the terms of the Settlement Agreement, *inter alia*,[1] any Transfer[2] of the Property arising out of the Divorce Agreement, if any, is void, *ab initio*, and any interest in the Property transferred, or attempted to be transferred through the Divorce Agreement is restored to the Bankruptcy Estate. Additionally, within sixty (60) days of the date of entry of the

---

[1] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

[2] Any capitalized terms used herein, but not otherwise defined, shall have the meaning ascribed in the Motion.

Settlement Approval Order, Debtor and Mr. Fickle shall have an exclusive option to purchase the Bankruptcy Estate's one-half interest in the Property for the agreed sum of thirty thousand dollars ($30,000.00). In addition, upon expiration of the 60-Day Option, Mr. Fickle authorizes Trustee to sell his one-half interest in the Property under 11 U.S.C. § 363(h) and waives any requirement that Trustee obtain a judgment in this regard. Finally, Trustee and Mr. Fickle grant one another releases, as expressly set forth in the Settlement Agreement. The exact terms of the Settlement Agreement are set forth in Exhibit "A" to the Motion.

Pursuant to General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in the Motion, you must timely file your objection with the Bankruptcy Clerk** at: Bankruptcy Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303, and serve a copy on the Trustee's attorney, Michael J. Bargar, Arnall Golden Gregory LLP, 171 17th Street, NW, Suite 2100, Atlanta, Georgia 30363, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the Motion has been scheduled for **December 17, 2020 at 11:00 a.m.**, in **Courtroom 1203**, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia. If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no

15845085v1

order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held at the time and place as scheduled.

*Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone."*

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Dated:  November 19, 2020.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:   */s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
404.873-7031

15845085v1